Longworth, J.
This is a proceeding in mandamus, instituted upon the relation of John S. Parrott, an elector of Clermont county, against Thomas Brown, sheriff of that county, to compel him to give notice, and make proclamation according to law, to the qualified electors of said county, to vote for a judge of the court of common pleas for the first subdivision of the fifth judicial district, at the election to be held in said comity on the second Tuesday of October, a. d. 1882. The case,.,as submitted to us upon the pleadings, raises a question of law only; there are no facts to be determined. The counties of Clermont, Brown and Adams constitute the first subdivision ,of the fifth judicial district, and have always been entitled to one judge of the common pleas court, as pro *345 vided by the constitution. On April 29, 1871, the general assembly passed an act (68 Ohio L. 68) providing that an additional judge of the common pleas court should be elected on the third Monday in May of that year, for this subdivision, who should “ enter upon the discharge of his duties on the first Tuesday of June, a. d. 1871, and hold his office for the term of five years.” U nder this statute a judge was regularly elected and served out his term. This act contained no words even suggesting that, at the expiration of this term of five years, another additional judge should be again elected. After its expiration, however, on April 28, a. d. 1877, the general assembly 'passed an act (74 Ohio L. 483), supplementary to the above, by which it was provided, “That the second ¿lection for the additional judge of the court of common pleas of the first subdivision, &c., shall be held on the second Tuesday in October, a. d. 1877.....And said judge, so elected and qualified, shall hold his office for the term of five years, and shall enter upon his duties on the first Monday in February thereafter.” Neither does this statute provide for any further term or election after the five years’ term created by its provisions shall have expired. Under this law Hon. Allen T. Co wen was duly elected additional judge in this subdivision, and his term of office will expire in February, 1883.
The question submitted for our consideration is whether the legislature has by these enactments created a permanent office in this subdivision, in the sense that, at the expiration of one térm of five years, another term of five years shall begin. We answer this question in the negative. Without doubt the legislature is empowered to provide for the election of an additional judge to hold this office for the term of five years (art. 1Y. § 15), and, if thought fit, to provide for successive elections after the expiration of such terms of office in perpetuity. On the other hand, the necessity for an addition to the judicial force in any district may be temporary, and only a single term of service may be desired. We are not to presume that the legislature intended to create other terms of office than those referred to in the language of -the statute, or as may be implied from that language. It seems, *346 to our minds, that the act first mentioned intended to provide for the election of an additional judge to hold office for five years, and nothing more. The words are free from ambiguity, and do not admit of the inferences claimed. The subsequent act, which provides for a second election, does not change the meaning of the prior act. Admitting the full force of relator’s claim that legislative enactments in ggari materia may be looked into as furnishing a construction of other laws, and showing the true intent and meaning of legislation which otherwise might be obscure, yet here there is no need to resort to rules of construction to arrive at an intent which is manifest, or to remove an ambiguity which does not exist.
What has been said of the first statute applies equally to the second. It simply orders a second election, and nowhere provides for, or even refers to succeeding elections.
The former decision of this court, holding the act of May 10, 1878 (75 Ohio L. 139), unconstitutional (see 34 Ohio St. 431), probably necessitated the passage of the act of May 16, 1869 (Rev. Stat. §§ 8028-8031), the second section of which provides as follows: — “The judges now in office in said district ” (the fifth) “ shall be judges thereof, and their successors shall be elected in the subdivisions in which such judges reside.” It is argued that this statute recognizes that the additional judge in the first subdivision is to have a successor. We do not so understand it. That there wore at least three judges in that district, one of whom was in that subdivision, who were to be succeeded in office, we know, and this fact the legislature recognizes ; but it, by no means, appears from the language used that it was intended to provide successors for all the judges in that district.
it is said that this proceeding could only be jmoperly instituted upon the relation of the attorney-general, and that the relator is not a party “beneficially interested” in the sense in which that term is used in the statute (Rev. Stat. § 6744). This objection, we think, is not well taken. The relator, as a citizen of Clermont county, is interested in having the proper number of courts and judges to administer justice therein ; as *347 an elector, lie would be entitled to vote at the election, if an election were proper, and would be himself eligible to the office.

Writ refused.